# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LEROY McDANIEL,

    Plaintiff,

vs.                       CIVIL ACTION NO.: CV505-026

TONY HOWERTON, Warden; CO I
JORDAN, and DR. FERREL,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Smith State Prison in Glennville, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement at Ware State Prison. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

During his imprisonment at Ware State Prison, Plaintiff alleges that he slipped and fell on the prison's wet shower room floor. Plaintiff contends that prison officials did not cover the floor outside the shower with a protective matt at the time of this incident. Plaintiff alleges that Defendants Jordan and Howerton are responsible for injuries to Plaintiff's neck and spine because they supervised the prison dormitories during this incident.

Plaintiff fails to state a cognizable claim against Defendant Jordan under 42 U.S.C.A. § 1983. A plaintiff states a cognizable claim for relief under 42 U.S.C.A. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir.

2

2000). An allegation that a defendant acted with mere negligence in causing a plaintiff's injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664, 88 L. Ed.2d 662, 668 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695, 61 L. Ed.2d 433 (1979). Plaintiff has not alleged a deprivation of a constitutional or federal statutory right, and his claim should be dismissed.

Plaintiff's claim against Defendant Howerton should also be dismissed because there is no actual or causal connection between Defendant Howerton and Plaintiff's injuries. Plaintiff appears to assert his claims solely because Defendant Howerton serves as Warden of Ware State Prison. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Plaintiff has failed to demonstrate Defendant Howerton's culpability beyond his title of Warden.

Plaintiff's claim against Dr. Ferrel should be dismissed for failure to state a claim. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Construed liberally, Plaintiff has not met this requirement, and his claims against Defendant Ferrel should be dismissed.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

MCDANIEL )

vs )  CASE NUMBER CV505-26

HOWERTON, ET AL )  DIVISION WAYCROSS

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/12/05 , which is part of the official record of this case.

Date of Mailing: 8/12/05

Date of Certificate  ☒ same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Leroy McDaniel, 1048296, Smith State Prison, P.O. 726, Glennville, GA 30427

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate