FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 14  A 10: 36

CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LEROY McDANIEL,

    Plaintiff,

vs.

DR. FERREL,

    Defendant.

CIVIL ACTION NO.: CV505-026

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Ware State Prison in Waycross, Georgia. Defendant Ferrel ("Ferrel") filed a Motion for Summary Judgment. Plaintiff filed a Response. For the following reasons, Defendant Ferrel's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he slipped and fell as he was getting out of the shower and that he suffered from injuries as a result of his slip and fall. Plaintiff also alleges that Ferrel was deliberately indifferent to his medical needs. Plaintiff avers that Ferrel failed to X-ray him for three weeks, snatched a neck brace off Plaintiff's neck, and told Plaintiff that he was trying to make a lifetime injury out of nothing.

Ferrel asserts that Plaintiff failed to exhaust his administrative remedies regarding his claim that Ferrel was deliberately indifferent to Plaintiff's serious medical needs. In the alternative, Ferrel asserts that he was not deliberately indifferent to Plaintiff's serious medical needs.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party

would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

### DISCUSSION AND CITATION OF AUTHORITY

Ferrel asserts that Ware State Prison had a grievance procedure that was widely available to inmates. Ferrel contends that Plaintiff filed a grievance concerning his claim that Ferrel was deliberately indifferent to his serious medical needs resulting from the slip and fall incident. The Warden at Ware State Prison denied Plaintiff's grievance, but, according to Ferrel, Plaintiff failed to file an appeal of this denial. Ferrel contends that Plaintiff failed to fully exhaust his administrative remedies, as filing an appeal of the denial of his grievance at the institutional level was an administrative remedy available to Plaintiff. (Doc. No. 29, ¶ 27.) Plaintiff also had available to him the option of seeking to file an out-of-time appeal of the denial of his institutional grievance, which Plaintiff did not do. (Doc. No. 29, ¶ 29.)

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

The evidence before the Court reveals that Plaintiff filed Grievance Number 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 regarding his contention that Ferrel was deliberately indifferent to his serious medical needs due to injuries he received after falling in the shower. Plaintiff's grievance was denied at the institutional level after an investigation was conducted. Plaintiff did not file an appeal of the denial of his grievance, nor did he seek to file an out-of-time appeal of this denial. (Def.'s Ex. B, ¶¶ 12-13.) These were administrative remedies available to Plaintiff (see Def.'s Ex. A attached to Sarah Draper's affidavit, p. 9), and he did not pursue either of these. Thus, Plaintiff failed to exhaust his available administrative remedies regarding his contention that Ferrel was deliberately indifferent to his serious medical needs. Plaintiff fails to create a genuine issue of material fact as to whether he exhausted his available administrative remedies.

It is unnecessary to address the remaining ground set forth in Ferrel's Motion for Summary Judgment.

4

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Ferrel's Motion for Summary Judgment (Doc. No. 28) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 14th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE